**Leta Gorman**, OSB #984015
E-mail:   leta.gorman@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street
Suite 800
Portland, Oregon  97258
Telephone: 503.228.6351
Facsimile: 503.295.0915
**Shawn Alex Heller**, FSB #46346
E-mail:   shawn@sjlawcollective.com
*Pro Hac Vice*, Pending Court Approval
Attorneys for Plaintiff Darrell Rogers,
Individually, and on Behalf of All Others Similarly
Situated

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DARRELL ROGERS, individually, and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>      v.<br><br>TAN REPUBLIC FRANCHISE COMPANY, LLC, doing business as TAN REPUBLIC, an Oregon Limited Liability Company,<br><br>                                Defendant. | Civil No.:<br><br>**TELEPHONE COMMUNICATIONS ACT COMPLAINT**<br>**47 U.S.C. § 227(B)(3)**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Bullivant|Houser|Bailey PC**
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**Complaint**
**Page 1**

# COMPLAINT
and
# JURY DEMAND

This is a class action lawsuit alleging that the Defendant, Tan Republic Franchise Company, LLC, doing business as Tan Republic ("Tan Republic"), violated the Telephone Consumer Protection Act and implementing regulations by using an automatic telephone dialing system ("ATDS") when it sent Plaintiff and the Putative Class text message advertisements without obtaining Prior Express Written Consent. By sending text message advertisements to Plaintiff and the putative class without their Prior Express Written Consent, Defendant invaded the privacy rights and right to seclusion of Plaintiff and the putative class. Plaintiff, Darrell Rogers, on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## I. PRELIMINARY STATEMENT

1.  The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, sending text messages using an ATDS, and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation. Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about text messages sent using an ATDS and robocalls.

2.  Plaintiff, Darrell Rogers, individually and on behalf of all others similarly situated, sues the Defendant for its actions that violated the TCPA and invaded their right to

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

Complaint
Page 2

privacy and seclusion, which it benefited from, and which arise from text message advertisements sent to Plaintiff and the Putative Class in order to advertise the commercial availability or quality of Defendant's products and services ("Tan Republic Text Messages") without the requisite Prior Express Written Consent.

## II. JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1391.

4.     Defendant is an Oregon Limited Liability Company with its principal place of business located in the Eugene Division of the District of Oregon. As such, this Court has personal jurisdiction over Defendant and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## III. PARTIES

5.     Plaintiff, Darrell Rogers, owns and maintains a cell phone that was sent Tan Republic Text Messages.

6.     Defendant, Tan Republic, is an Oregon Limited Liability Company that is engaged in the tanning business.

## IV. GENERAL ALLEGATIONS

7.     On November 18, 2019, Plaintiff visited the Defendant's website, which instructed consumers to text "Tanrepublic" to the short code 411669, and did not disclose that they would receive Telemarking text messages using an ATDS, nor did it inform or disclose that the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 3

As such, by texting the word "Tanrepublic" to the short code 411669, Plaintiff did not provide his Prior Express Written Consent, as defined by 47 C.F.R. 64.1200(f)(8).

8. By failing to include the requisite disclosures Plaintiff was not informed that Defendant would be using an ATDS to send Telemarketing text messages, nor was he informed that assent to the receipt of Telemarking text messages was not required in order for Plaintiff to purchase Defendant's products and services. Without these disclosures, which are mandated by the Federal Communications Commissions to avoid consumer confusion and to ensure that consumers are not sent unwanted Telemarking text messages using an ATDS, Defendant was not permitted to send Tan Republic Text Messages using an ATDS.

9. In response to Plaintiff's initial text message, Plaintiff received a text message from Defendant with some additional disclosures, but, again, there was no disclosure that Plaintiff would receive Telemarking text messages using an ATDS, nor was there a disclosure that Plaintiff was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. As such, the response text message also did not conform to the requirements of Prior Express Written Consent, as defined by 47 C.F.R. 64.1200(f)(8)(i).

10. On November 18, 2019, and, again, on November 28, 2019, Plaintiff received Tan Republic Text Messages sent using an ATDS:

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 4



11. As stated herein, the receipt of the Tan Republic Text Messages sent using an ATDS caused Plaintiff concrete, identifiable, and significant injury that is not hypothetical or speculative, because they were sent without Prior Express Written Consent.

12. Upon information and belief, Defendant or a third party on Defendant's behalf used an ATDS to send the Tan Republic Text Messages to Plaintiff and other persons and entities.

13. Upon information and belief, the ATDS used to send the Tan Republic Text Messages has the present capacity to store lists of numbers and send text messages to those numbers automatically.

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 5

14. Upon information and belief, the ATDS used to send the Tan Republic Text Messages has the present capacity to dial and store random and sequential numbers and it can send text messages without human intervention.

15. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200, text messages that constitute advertising or telemarketing that are sent with the use of an ATDS may not be sent to persons or entities without obtaining Prior Express Written Consent.

16. However, Defendant, or a third party on Defendant's behalf, sent the Tan Republic Text Messages despite not obtaining Plaintiff's Prior Express Written Consent.

17. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a), text messages that are telemarketing or advertisements may not be sent to persons or entities without obtaining Prior Express Written Consent of the recipient.  Defendant failed to obtain an agreement with Plaintiff and the putative class disclosing that Plaintiff and the putative class were agreeing to the receipt of Telemarking text messages using an ATDS and that they were not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services

18. Accordingly, Defendant sent the Tan Republic Text Messages without obtaining Plaintiff's and the putative class's Prior Express Written Consent to send the Tan Republic Text Messages using an ATDS.

19. These actions violate the TCPA and are an invasion of privacy and right to seclusion.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 6

20. By sending the Tan Republic Text Messages using an ATDS and without Prior Express Written Consent, Defendant harmed Plaintiff and the members of the putative class by: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing interruption, distraction, and frustration during significant and important activities and tasks; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

22. Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Putative Class") defined as:

> "All persons and entities whose telephone numbers were sent Tan Republic Text Messages by Defendant, or others on its behalf, on or after May 20, 2016, where Defendant sent the Tan Republic Text Messages using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where Defendant failed to obtain Prior Express Written Consent, as defined by 47 CFR § 64.1200(f)(8)(i)."

23. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 7

24.     Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the class. Common material questions of fact and law include, but are not limited to, the following:

a.     whether Defendant (or another on their behalf) used an ATDS to send the Tan Republic Text Messages to Plaintiff and other members of the putative class;

b.     whether the Tan Republic Text Messages constitute Advertisements;

c.     whether the Tan Republic Text Messages constitute Telemarking;

d.     whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) an ATDS to send Tan Republic Text Messages to Plaintiff and the Putative Class without obtaining their Prior Express Written Consent;

e.     whether Plaintiff and the other members of the class are entitled to statutory damages; and

f.     whether Plaintiff and the other members of the class are entitled to treble damages.

25.     Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the class. Plaintiff alleges that Defendant sent the same Tan Republic Text Messages to Plaintiff and the other class members. Plaintiff raises questions of fact and law common to the class members. They share the common injuries of: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing interruption, distraction, and frustration during significant and important activities and tasks; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery,

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

Complaint
Page 8

resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction. Defendant have acted the same or in a similar manner with respect to each class member.

26.  <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent his and the other class members.

27.  Class Counsel is experienced in class action litigation and has successfully litigated class claims.

28.  <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.  proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b.  evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of their agents who sent the

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 9

Tan Republic Text Messages) and will not require individualized or separate inquiries or proceedings;

    c.    Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Tan Republic Text Messages to Plaintiff and the class members;

    d.    the amount likely to be recovered by individual class members does not support individual litigation;

    e.    a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    f.    this case is inherently manageable as a class action in that:

        i.    Defendant or its agent(s) identified the persons or entities to send the Tan Republic Text Messages to and it is believed that Defendant's computer and business records, or those of their agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

        ii.    liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

        iii.    statutory damages for violations of the TCPA are the same for each class member;

        iv.    a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

Complaint
Page 10

v. a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi. as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

## COUNT 1

## CLAIM FOR RELIEF FOR VIOLATIONS OF THE TCPA

29. Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 28, above.

30. Plaintiff brings this action against the Defendant for sending Tan Republic Text Messages to himself and to members of the Putative Class in violation of the TCPA and its implementing regulations.

31. Defendant violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the sending of the Tan Republic Text Messages to the phone numbers of Plaintiff and the members of the Putative Class without receiving Prior Express Written Consent.

32. The named Plaintiff and members of the Putative Class are entitled to $1,500 for each of the Tan Republic Text Messages that violated 47 C.F.R. § 64.1200(a) and that was sent to them willfully or knowingly.

33. In the alternative, the named Plaintiff and members of the Putative Class are entitled to $500 for each of the Tan Republic Text Messages that violated 47 C.F.R. § 64.1200(a) and that was negligently sent to them.

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

Complaint
Page 11

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant and requests an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Darrell Rogers as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;

B. finding that Defendant caused the Tan Republic Text Messages to be sent to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each of the Tan Republic Text Messages that violated 47 C.F.R. § 64.1200(a) and that was knowingly and willfully sent to Plaintiff and each class member;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each of the Tan Republic Text Messages that violated 47 C.F.R. § 64.1200(a) and that was negligently sent to Plaintiff and to each class member;

E. entering a judgment in favor of the Plaintiff as representative of the members of the class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

Complaint
Page 12

of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H.  granting such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

DATED:  May 20, 2020

                      BULLIVANT HOUSER BAILEY PC

                      By  *s/ Leta Gorman*
                          **Leta Gorman, OSB #984015**
                          **E-mail:  leta.gorman@bullivant.com**
                          **Shawn Alex Heller, FSB #46346**
                          *Pro Hac Vice*, Pending Court Approval
                          **E-mail:  shawn@sjlawcollective.com**
                          Telephone: 503.228.6351
                          Attorneys for Plaintiff Darrell Rogers, Individually, and on Behalf of All Others Similarly Situated

4815-4712-3388.1

**Bullivant|Houser|Bailey PC**
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**Complaint**
**Page 13**